# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| **UNITED RENTALS, INC., and**<br>**UNITED RENTALS (NORTH**<br>**AMERICA), INC.,** | : <br> : <br> : <br> : | |
| | | Civil Action No.:  3:21-cv-00535 |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| **MICHAEL FERRARO,** | : <br> : | April 19, 2021 |
| Defendant. | | |

## COMPLAINT

Plaintiffs, United Rentals, Inc., and United Rentals (North America), Inc. (collectively, "United" or "Plaintiff"), by and through their undersigned attorneys, and for their Complaint for injunctive and other relief against defendant Michael Ferraro ("Defendant"), hereby state and allege the following:

## NATURE OF ACTION

1.      This is an action for breach of contract regarding an agreement between United and Defendant electronically accepted by the Defendant on January 2, 2018 (the "Agreement").

2.      United is engaged in the business of renting and selling construction equipment and merchandise to the commercial and general public, including, but not limited to, customers in Pennsylvania.

3.      During his employment, Defendant served as an outside sales representative ("OSR") for United, based out of a branch in Montoursville, Pennsylvania.  As part of his duties for United, Defendant worked closely with United's customers and other sales representatives, and was entrusted to assist in the development and/or maintenance of various customer relationships

and was responsible for both using and creating United's confidential and proprietary information, among other things.

4.     The Agreement prohibits Defendant from competing with United in a limited and defined "Restricted Area" during the one-year period following the termination of his employment with United.

5.     Notwithstanding his post-employment obligations, Defendant accepted a position with, and is now employed by and performing services for, National Tank & Equipment ("NTE"), a competitor of United.  Although Defendant initially claimed he was in compliance with the Agreement because he had relocated, recent evidence demonstrates that Defendant, on NTE's behalf, has begun competing with United within the Restricted Area, and has begun soliciting and accepting the business of United's customers with whom he previously dealt at United.

6.     Defendant's conduct constitutes a breach of his Agreement with United.

**THE PARTIES**

7.     Each Plaintiff is a Delaware corporation with its principal place of business in Stamford, Connecticut.  United does business in Fairfield County, Connecticut, and in branch offices nationwide.

8.     Upon information and belief, Defendant is not domiciled in Connecticut or Delaware.  Rather, upon information and belief, Defendant is a citizen of Pennsylvania.

**VENUE AND JURISDICTION**

9.     Jurisdiction over this matter arises under 28 U.S.C. 1332 (diversity of citizenship). The amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     In the Agreement, the parties agreed that the interpretation and enforcement of the provisions of the Agreement shall be resolved and determined exclusively by the state court sitting

in Fairfield County, Connecticut, or the federal courts in the District of Connecticut, and the parties further agreed that such courts shall have exclusive jurisdiction for such purpose. Thus, this Court has exclusive personal jurisdiction over Defendant with respect to United's claims under the Agreement.

11.    Venue is proper in this District because, in the Agreement, the parties contractually submitted to the exclusive jurisdiction of the state and federal courts sitting in Connecticut.

## FACTUAL ALLEGATIONS

### UNITED'S BUSINESS

12.    United specializes in renting and selling construction equipment, power tools, aerial work platforms, scissor, aerial and boom lifts, forklifts, generators and light trucks, pumps, tanks and filtration systems, among other things.

### DEFENDANT AGREED TO ABIDE BY RESTRICTIVE COVENANTS IN HIS AGREEMENT

13.    In exchange for, among other things, employment with the Company, Defendant electronically accepted and entered into the Agreement.

14.    The restrictive covenant in the Agreement imposes three geographic restrictions – one defined as a 50 mile radius from the United location for which Defendant performed services, the second defined by the geographic area of Defendant's responsibilities at United, as measured by the two year period prior to his separation from United, and the third defined as the geographic area about which Defendant had involvement in the development, review, use, presentation or implementation of Confidential Information during the two year period prior to his separation from United. Under the Agreement, Defendant is further prohibited from soliciting certain customers, other entities and United employees.

15.     Defendant agreed to keep certain information confidential under the Agreement, including such things as "arrangements with, preferences, pricing history, transaction history, identity of internal contacts or other proprietary business information relating to, [United's] customers[.]"

16.     Defendant acknowledged that United would suffer irreparable harm and agreed that United would be entitled to injunctive relief, in addition to damages, if he breached or threatened to breach any of the restrictive covenants in the Agreement.


**DEFENDANT'S EMPLOYMENT WITH NTE VIOLATES HIS POST-EMPLOYMENT RESTRICTIONS**

17.     On or about October 7, 2020, Defendant resigned from his employment at United. At that time, Defendant initially refused to identify the company with whom he had accepted employment, but upon further questioning by United eventually indicated he had accepted employment with NTE, a competitor of United.  He claimed at that time that he would comply with his Agreement and that he would be relocating to the Pittsburgh, PA, market outside of his Restricted Area.

18.     NTE operates within the Restricted Area, as defined in the Agreement.  Although Defendant claimed he was employed at NTE's Burgettstown, PA, facility, and that he would operate only within the Pittsburgh, PA, market, recent evidence demonstrates that Defendant is competing with United in the Restricted Area – including within the geographic area in which he performed duties and had responsibilities during his last two years at United.  At NTE, within the Restricted Area, Defendant will be in a position to actively call on and/or communicate with United's customers with whom he dealt and to service the same geographic territory he serviced

while employed at United. Such conduct within the Restricted Area contravenes Defendant's obligations owed to United.

19.     In light of the above, United requests and is entitled to injunctive relief, in addition to any other relief to which it may be entitled, to avoid suffering irreparable and/or immeasurable harm.

## <u>COUNT ONE</u>

### Breach of Contract

20.     United realleges and reincorporates herein by reference the allegations set forth in Paragraphs 1 through 19 above as though fully set forth herein.

21.     United and Defendant exchanged adequate consideration in support of the Agreement.

22.     United duly performed its obligations pursuant to the Agreement.

23.     Defendant has breached and/or will breach his ongoing obligations to United by targeting United's customers with whom he previously dealt on behalf of United and/or by performing duties and services for a competitor in the Restricted Area.

24.     Defendant's conduct set forth in this Complaint constitutes a material breach of the Agreement.

25.     As a result of the foregoing, Defendant is liable to United for breach of contract. As a direct and proximate result of Defendant's wrongful conduct, United has suffered and/or will suffer money damages and irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for its order and judgment as follows:

A. Judgment in United's favor that:

    1. Defendant breached the Agreement.

B. Temporary, preliminary and permanent injunctive relief enjoining Defendant from:

    1. violating the terms of his Agreement;

    2. being employed by/with or providing services to a competitor, including, but not limited to, NTE, within the Restricted Area during the time specified in the Agreement;

    3. soliciting the business of, or calling upon, any person or entity, who or which is or was a customer of United with whom Defendant dealt, whom Defendant solicited or targeted, or about whom Defendant has confidential information, during the period of Defendant's employment, for the purpose of providing or obtaining any product or service reasonably deemed competitive with any product or service then offered by United.

C. The relief provided for in the Agreement;

D. Compensatory and/or nominal damages;

E. Attorney's fees;

F. Interest;

G.  Costs; and

H.  Such other and further relief, legal and equitable, that this Court deems just and

proper.

Dated this 19th day of April, 2021.

THE PLAINTIFFS
UNITED RENTALS (NORTH AMERICA), INC.
UNITED RENTALS, INC.

By:  /s/*Gerald C. Pia, Jr.*
       Brian C. Roche - ct 17975
       Gerald C. Pia, Jr. - ct 21296
       Roche Pia, LLC
       Two Corporate Drive, Suite 248
       Shelton, CT 06484
       Phone: (203) 944-0235
       Fax: (203) 567-8033
       E-mail: broche@rochepia.com
                 gpia@rochepia.com